UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CENTRIC GROUP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV00522 AGF |
| | ) |
| SOJITZ CORPORATION OF AMERICA, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for leave to amend its complaint by dismissing without prejudice Defendant Mokoh and Associates, Inc. ("Mokoh"). For the reasons set forth below, this motion shall be granted.

## PROCEDURAL HISTORY

Plaintiff, a Missouri corporation, filed this diversity action on March 31, 2005, against three defendants: Sojitz Corporation of America, Inc., f/k/a Nisso IWAI American Corporation ("Sojitz"), a New York corporation; Mokoh, a citizen of Taiwan; and ST4M Corporation ("ST4M"), a California corporation. Plaintiff sought cancellation of a Distributorship Agreement regarding the manufacture, sale, and distribution of digital video disc players ("DVD players").

The Distributorship Agreement was executed on February 7, 2004, by Plaintiff and all three Defendants. Pursuant to the Agreement, Mokoh, the manufacturer of the DVD players, granted Plaintiff the exclusive rights to distribute the DVD players to correctional facilities throughout the United States for one year from the date of execution

of the Agreement. The Agreement provided that Mokoh would sell the DVD players to Nisso, which in turn would sell them to Plaintiff "in accordance with the terms and conditions set forth in the Distributorship Agreement and in each individual contract . . . to be made between (i) [Mokoh] and [Sojitz] and (ii) [Sojitz] and [Plaintiff] separately. Mokoh's service agent, ST4M, agreed to provide warranty services for 12 months with respect to parts and labor. Mokoh agreed to indemnify the other parties to the agreement for all claims arising from the distribution of its products, excluding claims due to the indemnified party's sole negligence. The record does not include copies of any individual contracts between the parties.

Plaintiff alleges that its initial purchase order for DVD players was delivered on March 26, 2004; that the DVD players were defective; and that it did not learn of the defects until later, despite doing random spot checks for quality within days of receiving them. Plaintiff alleges that by letter dated October 25, 2004, sent to all Defendants, Plaintiff cancelled the order, tendered back the DVD players, and demanded a full refund of the purchase price. Plaintiff further alleges that in December 2004 it discovered that the DVD players had been manufactured in at least two separate lots, one of which was remanufactured out of existing inventory and had an extremely high incidence of defects. Plaintiff alleges that by letter dated December 6, 2004, Plaintiff formally rejected the DVD players and revoked any purported acceptance.

In the original complaint, Plaintiff sought declaratory judgment against Defendants jointly and severally, declaring the Distributorship Agreement cancelled, awarding Plaintiff damages in excess of $330,000 (including lost sales, damage to

reputation, and the purchase price of the goods), ordering Defendants to retrieve all DVD players now in Plaintiff's possession, and declaring abandoned each DVD player that Defendants did not retrieve.

On April 29, 2005, Plaintiff filed a motion for leave to request a waiver of service from Mokoh, and on May 2, 2005, the Court granted Plaintiff's motion. On May 6, 2005, Plaintiffs sent a letter requesting waiver of service to Mokoh, allowing Mokoh 60 days to respond. Meanwhile, Nisso and ST4M filed timely answers to the complaint. Mokoh did not respond to the request for waiver of service, and on September 15, 2005, Plaintiff filed the present motion for leave to amend the complaint by dismissing Mokoh without prejudice, and eliminating the request that the Distributor Agreement be cancelled. Alternatively, Plaintiff requests that if the Court determines that Mokoh is a necessary party, the Court issue an order approving letters rogatory. Plaintiff states that to serve Mokoh by means of letters rogatory could take up to one year and would cost approximately $700.

In opposition to Plaintiff's motion to amend, Sojitz contends that Mokoh is a necessary and indispensable party under Federal Rules of Civil Procedure 19, because the allegedly defective DVD players manufactured by Mokoh remain at the heart of Plaintiff's claims, and because Mokoh is a signatory on the Distributorship Agreement. Sojitz argues that complete relief cannot be accorded in the absence of Mokoh, and that allowing Plaintiff to omit Mokoh from the complaint would prejudice the remaining Defendants, as the burden of serving Mokoh would be shifted to them. Sojitz states that it joins in Plaintiff's alternative request for letters rogatory.

Plaintiff replies that Sojitz's potential third party claims for indemnity against Mokoh do not make Mokoh a necessary party to Plaintiff's suit, and that Mokoh's dismissal would not compromise Sojitz or ST4M's contractual rights under the Distributor Agreement. Plaintiff argues that Sojitz would have the option of bringing suit against Mokoh separately or as a third party claim. Plaintiff further argues that Mokoh is not necessary under Rule 19, because the proposed amended complaint does not seek rescission of the Distributorship Agreement. Plaintiff notes that it directs no allegations against Mokoh in the amended complaint, and argues that its breach of contract action against Sojitz and ST4M does not impact Mokoh's legally protected interests. Plaintiff further argues that Mokoh is not an indispensable party under Rule 19(b), as Mokoh can be served.

In a separate response to Mokoh's motion for leave to amend the complaint, ST4M raises the same arguments as does Sojitz.

## **DISCUSSION**

Rule 19(a) lists the criteria for determining whether an absent party should be joined if feasible, that is, if, as here, joinder would not defeat diversity jurisdiction, as follows:

> **Persons to be Joined if Feasible**. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party to the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties

> subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Although the current version of the Rule does not use the term "necessary," that term is often used as a synonym for "needed for just adjudication." 4 Moore's Federal Practice, § 19.02[2][c]. An absentee is necessary if failure to join it creates any of the three potential risks set out in Rule 19(a). Where an absentee is found to be a necessary party, the court will override the plaintiff's preference by forcing joinder of that absentee, unless joinder would defeat diversity jurisdiction.

Here, the Court concludes that Mokoh is not a necessary party. None of the risks set forth in Rule 19(a) are present here. Complete relief can be accorded among those already parties; Mokoh's absence will not as a practical matter impair or impede its ability to protect its interests; and Mokoh's absence will not leave Sojitz or ST4M subject to a risk of incurring double, multiple, or otherwise inconsistent obligations by reason of Mokoh's interests. The fact that Sojitz would have to incur the effort and expense of serving Mokoh should it decide to implead Mokoh in the present action (or initiate a separate action against Mokoh if Plaintiff prevails in the present action) does not make Mokoh a necessary party to Plaintiff's lawsuit against Sojitz and ST4M. See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 412 (3d Cir. 1993) (defendant claiming right of contribution or indemnity from third person may bring separate suit to do so, and right of indemnity does not render absent party indispensable); Pasco Intern. (London) Ltd. v. Stenograph Corp., 637 F.2d 496, 503 (7th Cir. 1980) ("potential indemnitors have never been considered indispensable parties, or even parties whose joinder is required if feasible"); 4 Moore's Federal Practice, § 19.06[2] (3d ed.

2005) ("In cases of contribution or indemnity, the defendant simply does not need to rely on compulsory party joinder . . . ."). Plaintiff's proposed amended complaint does not make any claims against Mokoh. If Plaintiff wishes to forego any claims it may have against Mokah and any claim to cancel the Distributorship Agreement, it should be permitted to do so.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to file its proposed amended complaint is **GRANTED**. [Doc. #18]

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of January, 2005